IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ryan Ray Corman,<br><br>        Petitioner,<br><br>   vs.<br><br>Alex Schweitzer, Superintendent of the<br>North Dakota State Hospital,<br><br>        Respondent. | Case No. 3:12-cv-66<br><br>**REPORT AND RECOMMENDATION<br>AND ORDER** |

Petitioner Ryan Ray Corman ("Corman") filed a petition for habeas relief under 28 U.S.C. § 2254. (Doc. # 2). He also filed two motions to appoint counsel (Doc. #17, Doc. #40), two motions for a writ of mandamus (Doc. #19, Doc. #22), a motion for a protective order (Doc. #20), and a motion for a hearing (Doc. #31). Upon preliminary review of the petition the court ordered service upon the respondent. (Doc. #12). The respondent filed a motion to dismiss the habeas petition (Doc. #26), which has been fully briefed by the parties.

**Summary of Recommendation**

Corman's habeas petition is time-barred. It is **RECOMMENDED** that the respondent's motion to dismiss (Doc. #26) be **GRANTED**, the habeas petition (Doc. #2) be **DISMISSED** with prejudice, and the motion for an evidentiary hearing (Doc. #31) be **DENIED**. Corman's motions for a writ of mandamus and his motion for a protective order involve claims unrelated to the instant action. It is **RECOMMENDED** that the motions (Doc. #19, Doc. #20, Doc. #22) be **DENIED**.

**Background**

On January 10, 2011, Corman pled guilty to failure to register as a sexual offender. (Resp. Ex. #3). He was sentenced to five years of imprisonment with two years suspended, and five years of supervised probation. Id. Corman did not appeal the criminal judgment.

On February 22, 2012, Corman filed a state application for post-conviction relief. (Resp. Ex. #4). On June 20, 2012, the state district court denied the application. (Resp. Ex. #6). Corman appealed the order dismissing his state application for post-conviction relief and the North Dakota Supreme Court summarily affirmed the state district court's order. (Resp. Ex. #10).

**Law and Discussion**

I.  Statute of Limitations

Corman's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year statute of limitations for filing federal habeas petitions. AEDPA provides that the one-year statute of limitations starts to run from the latest of several triggering dates, including the date when the state court judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

The criminal judgment was entered on January 10, 2011. (Resp. Ex. #1, Resp. Ex. #3). Under Rule 4(b)(1)(A) of the North Dakota Rules of Appellate Procedure Corman had thirty days to file a notice of appeal. See Leftbear v. State, 2007 ND 14, ¶ 5, 727 N.W.2d 252, 254. The limitations period is tolled during the time that Corman could have filed an appeal. See Mills v. Norris, 187 F.3d 881, 884 (1999). Therefore, the limitations period began to run on February 10, 2011. Corman did not file his state application for post-conviction relief until February 22, 2012, after the period of limitations had expired.[1] Corman did not file his federal petition for habeas relief until August 2, 2012.

---

[1] The court notes that Corman placed his state application for post-conviction relief in the mail on February 16, 2012, which was also after the period of limitations had expired.

II.  Equitable Tolling

As a matter of equity, this court may toll AEDPA's statute of limitations. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (internal quotations omitted)). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002) (citations omitted). Equitable tolling may be invoked in limited cases such as "when circumstances over which a prisoner has no control make it *impossible* to file a timely petition." Id. (emphasis added). Thus, equitable tolling provides an extremely limited opportunity for this court to consider an otherwise time-barred petition.

Corman contends he did not timely file his habeas petition because he had limited access to legal materials, he received ineffective assistance of counsel, he was unable to obtain counsel, the state misinformed him that its unlawful practices were lawful, the state intentionally delayed proceedings to "cut up" the time period, and because Corman lacks legal knowledge. (Doc. #2, pg. 13, Doc. #30, pp. 2-3, Doc. #32, p. 8). Despite his reasons, Corman has not established that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented him from filing a timely petition. See Pace 544 U.S. at 418.

Although Corman contends he had limited access to legal materials while imprisoned, the respondent provided an affidavit of the Warden at the facility where Corman was held during the

3

relevant time period that demonstrates there were adequate legal resources. (See Doc. #35-1). Corman contends the inmates could only access the computers for legal research at certain times, he could not utilize the computers during the afternoon because of his job and his education classes, and the evening time slots available for legal research had a lot of inmate competition. (Doc. #38). However, Corman filed petitions for habeas relief in two cases while he was incarcerated at the facility, and although they were untimely, nothing suggests it was impossible for him to have filed the petitions earlier. Additionally, Corman was able to file federal civil rights actions and a state application for post-conviction relief while at the facility.

Corman has not stated how receiving ineffective assistance of counsel hindered his efforts to file a timely petition. Although he states he was trying to secure legal representation while the limitations period was running, not having counsel would not have prevented the timely filing of a petition. Ultimately, Corman filed his habeas petitions without legal representation. Corman does not allege what unlawful acts on the part of the state made it impossible for him to timely file a petition, and his assertion that the state intentionally delayed proceedings to "cut up" the time period is without merit. A properly filed application for post-conviction relief would have tolled the statute of limitations. See 28 U.S.C. § 2244(d)(2). Finally, Corman's lack of legal knowledge does not justify equitable tolling. "Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003) (citing Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (noting that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing")).

4

Corman contends he was diligently pursuing his rights by reporting what he deems as misconduct to the authorities. (Doc. #32, p. 8). Even though Corman was reporting alleged misconduct to the state authorities during the limitations period, that in and of itself would not have prevented Corman from timely filing a petition. Given the circumstances, the court cannot find that Corman was diligently pursing his rights and that some extraordinary circumstance prevented him from timely filing a petition for habeas relief. Corman has not demonstrated that he is entitled to equitable tolling.[2] Accordingly, it is **RECOMMENDED** that the respondent's motion to dismiss (Doc. #26) be **GRANTED**, Corman's habeas petition (Doc. #2) be **DISMISSED** with prejudice, and his motion for an evidentiary hearing (Doc. #31) be **DENIED**.

III.  Motions

Corman filed two motions for a writ of mandamus and a motion for a protective order regarding complaints he has about the North Dakota State Hospital where he is being held for an evaluation. (Doc. #19, Doc. #20, Doc. #22). The instant action does not involve claims against the North Dakota State Hospital and it does not challenge the ongoing civil commitment proceedings. It is **RECOMMENDED** that Corman's motions for a writ of mandamus (Doc. #19, Doc. #22) and his motion for a protective order (Doc. #20) be **DENIED**.

Corman filed two motions to appoint counsel. (Doc. #17, Doc. #40). A civil litigant has no constitutional or statutory right to have appointed counsel. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); see also 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel in a civil case, "[a] district court is to decide whether the [petitioner] and the court will

---

[2] Because the court found that Corman's habeas petition is time-barred, it need not address respondent's alternative contention that Corman's claims are unexhausted and procedurally defaulted.

substantially benefit from appointment of counsel, considering the factual and legal complexity of the case, the [petitioner's] ability to investigate the facts, the existence of conflicting testimony, and the ability of [petitioner] to present his claim." Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (citations omitted). The factual and legal issues raised by Corman in his federal habeas petition are not so complex and numerous that the appointment of counsel would materially benefit either Corman or the court. Corman's petition for habeas relief is time-barred and appointment of counsel is not warranted. Corman's motions to appoint counsel (Doc. #17, Doc. #40) are **DENIED**.

Finally, Corman filed an objection in the instant action. (Doc. #39). Corman is under the mistaken belief that a Report and Recommendation was already filed recommending dismissal of Corman's habeas petition. The Report and Recommendations previously filed by the undersigned magistrate judge only referred to Corman's civil rights action filed as case number 3:12-cv-53, and his habeas petition filed in case number 3:12-cv-60. Corman will have an opportunity to object to this Report and Recommendation which only addresses his petition for habeas relief filed in case number 3:12-cv-66.

## Conclusion

Corman's federal habeas petition is untimely and Corman has not demonstrated justification for equitable tolling. His two motions for a writ of mandamus and his motion for a protective order do not relate to the instant action. It is **RECOMMENDED** that:

1. The respondent's motion to dismiss (Doc. #26) be **GRANTED**;

2. Corman's petition for habeas relief (Doc. #2) be **DISMISSED** with prejudice;

3. Corman's motion for a hearing (Doc. #31) be **DENIED**;

6

4. Corman's two motions for a writ of mandamus (Doc. #19, Doc. #22) and his motion for a protective order (Doc. #20) be **DENIED**;

5. The court certify that an appeal from the dismissal of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith; and

6. A certificate of appealability not be issued with respect to any of the issues raised by Corman in this action.

It is **ORDERED** that Corman's motions to appoint counsel (Doc. #17, Doc. #40) are **DENIED**.

Dated this 5th day of December, 2012.

      /s/ *Karen K. Klein*
      Karen K. Klein
      United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and Order by filing with the Clerk of Court no later than December 21, 2012, a pleading specifically identifying those portions of the Report and Recommendation and Order to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.