IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Ryan Ray Corman, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 3:12-cv-66 |
| | ) | |
| -vs- | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER ADOPTING REPORT AND** |
| Alex Schweitzer, Superintendent of the | ) | **RECOMMENDATIONS** |
| North Dakota State Hospital, | ) | |
| | ) | |
| Respondent. | ) | |

The Court has received a Report and Recommendation from the Honorable Karen K. Klein, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending that Respondent's motion to dismiss be granted, the habeas petition be dismissed with prejudice, the motion for an evidentiary hearing be denied, and Petitioner's motions for a writ of mandamus and protective order be denied. Petitioner Ryan Corman (hereafter "Corman") timely filed objections to the Report and Recommendations (Doc. #43)[1]. The Court has carefully considered Corman's objections along with the entire file and now issues this memorandum opinion and order finding that Corman's petition is time-barred.

### FACTUAL BACKGROUND

In 2008, Corman was convicted of contributing to the delinquency or deprivation of a minor. He was required to register as a sex offender under N.D.Cent.Code § 12.1-32-12(2)(3).

---

[1] Corman also submitted a "Memorandum of Information in Support of Objections" before the Report and Recommendation was filed (Doc. #39). Corman has a number of pending matters in this Court and he mistakenly believed an order had been entered in this case at the time he submitted these objections.

1

State v. Corman, 765 N.W.2d 530, 531 (N.D. 2009). On January 10, 2011, Corman pled guilty to failure to register as a sex offender. He did not appeal the criminal judgment.

Corman filed a state application for post-conviction relief, which was summarily dismissed by the district court. The dismissal was affirmed by the North Dakota Supreme Court. Corman v. State, No. 20120307, 2012 WL 5439934 (N.D. Oct. 23, 2012); Corman v. State, No. 20120309, 2012 WL 5469944 (N.D. Oct. 23, 2012).

Corman placed the instant petition in the prison mailing system on July 31, 2012 (Doc. #2, p. 14). Corman alleges the following claims: ineffective assistance of counsel; prosecutorial failure to disclose exculpatory evidence and other discovery; malfeasance by state agents and officers; state enforcement of unlawfully obtained court rulings; state imposition of felony sanction due to false information and false instruments; state court denial of due process, a fair hearing, and equal protection; and continuing malfeasance and unethical conduct by state agents, officers, and officials acting in their official capacities. The magistrate judge ordered service of the petition on Respondent (Doc. #12). The Respondent has answered the petition and filed a motion to dismiss (Docs. #25, 26). Respondent affirmatively asserts in his answer and in his motion that the petition is barred by the one-year statute of limitations governing habeas corpus petitions.

## ANALYSIS

**1. The Petition is Time-Barred.**

Corman had one year to file his federal habeas petition from the date that his conviction and sentence became final. 28 U.S.C. § 2244(d)(1); Rues v. Denney, 643 F.3d 618, 620 n.3 (8th Cir. 2011). Because Corman did not appeal his conviction to the North Dakota Supreme Court,

2

the statute of limitations began to run on February 10, 2011, when the time for appealing expired. Gonzalex v. Thaler, 132 S.Ct. 641, 653-54 (2012) (when a defendant does not appeal to the state's highest court, the judgment becomes final when the time for seeking review with the state's highest court expires).

Although the time during which a "properly filed" application for state post-conviction review is not to be counted toward any period of limitation, 28 U.S.C. § 2244(d)(1)(2), Corman filed his state post-conviction petition after the one-year time limit for filing a federal habeas corpus petition expired. Consequently, Corman's federal habeas petition mailed on July 31, 2012 is untimely.

### 2. Corman Has Failed to Demonstrate Equitable Tolling Applies.

The limitations period may be tolled as a matter of equity. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Corman acknowledges that the judgment of conviction giving rise to his current claims was final over a year before he completed the petition for habeas relief. He offers the following explanation in his petition: Respondent impeded his access to obtain relief by denying or limiting access to legal materials; manipulating "proceedings to 'eat up' time; using "unlawful practices"; "stonewalling"; and misadvising Corman by providing false information. Corman also cites his lack of legal training as an impediment to his ability to timely file the petition.

Corman has expanded on the reasons equitable tolling should apply in his objections to

3

the Report and Recommendations (Doc. #43). He adds that his court-appointed counsel failed to pursue his petition with diligence and the state has deliberately disregarded and interfered with his access to legal materials so the "finer points of law" were unknown and inaccessible to him. He also claims that his efforts to file a petition included "hundreds of phone calls, letters, personal interviews, out of town trips and ineffective internet searches, as well as profitless days in public libraries and, at the end, unguided and fruitless appeals to various and sundry 'Legal Aid' organizations". Corman fails to identify who he directed his phone calls or letters to, which legal aid organizations he contacted, or what he was researching in the public libraries or on the internet. Thus, Corman's conclusory allegations are insufficient as a matter of law.

The law is clear that an inmate is not entitled to counsel to pursue a habeas corpus petition. <u>Lawrence v. Florida</u>, 549 U.S. 327, 336-37 (2007) (in the postconviction context, prisoners have no constitutional right to counsel.). Moreover, the mere fact that a court appoints counsel to assist a prisoner in a post-conviction proceeding does not make counsel accountable for a prisoner's own delay. <u>Id.</u> at 337; <u>see</u> <u>Rues</u>, 643 F.3d at 622 (an attorney's miscalculation of the filing deadline for a habeas petition is a "garden variety claim" of neglect and does not warrant equitable tolling).

Likewise, to invoke equitable tolling when a petitioner alleges counsel was ineffective, petitioner must exercise due diligence in discovering the deception, fraud, or error giving rise to the ineffective assistance of counsel. <u>Cf.</u> <u>Pafe v. Holder</u>, 615 F.3d 967, 969 (8th Cir. 2010). Here, Corman alleges that his appointed counsel "failed to take any action on behalf of Petitioner, instead going on vacation and mailing correspondence concerning the petition to . . . an address that refuses to forward mail and which the Petitioner had vacated more than a year

4

prior to [the] appointment." (Doc. #43, p. 1). While it is troubling to the Court that appointed counsel failed to communicate with Corman about the petition for over a year, Corman has not identified any specific action or inaction by another person that prevented him from discovering relevant facts in a timely fashion, or that a reasonably diligent petitioner could not have discovered the facts in time to file a petition within the limitation period. Corman merely makes conclusory statements that are unsupported by any evidence. The Court finds Corman failed to act with the requisite diligence needed in order to invoke the equitable tolling doctrine.

Corman also alleges that his lack of legal knowledge is a basis for applying equitable tolling. The Eighth Circuit has outright rejected this claim. Cross-Bey v. Gammon, 322 F.3d 1012, 1016 (8th Cir. 2003) ( a prisoner's lack of legal knowledge or resources is an insufficient basis to warrant equitable tolling). Corman's lack of legal training is an insufficient basis to invoke equitable tolling.

Corman also claims Respondent has "created a false impression to the Court" that he had adequate access to legal materials. The Court is mindful that access to legal materials in many institutions is limited and it is common for demand to exceed available resources. Likewise, the Court is aware that oftentimes detainees would like access to legal resources that are not available in the institution. Nonetheless, there is neither a constitutional right to unlimited access to legal materials nor is a prisoner entitled to a minimum number of hours in the prison law library. Earl v. Fabian, 556 F.3d 717, 724 (8th Cir. 2009) (quoting Entzi v. Redmann, 485 F.3d 998, 1005 (8th Cir. 2007)). Generally, the limited access to legal materials in a correctional facility does not make it impossible to file a petition on time. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The conditions described by Corman are insufficient to support a finding that

5

the limited access to legal resources prevented him from timely filing his habeas petition.

The conclusory circumstances identified by Corman, either alone or considered together, are not so extraordinary to warrant equitable tolling. The Court further finds that it is well-advised on the arguments of the parties and a hearing is unnecessary to decide the issues.

### 3. Motions for a Protective Order and Writ of Mandamus

Corman has filed two motions for a writ of mandamus - one ordering restoration of his civil and constitutional rights at the North Dakota State Hospital and another one ordering the identification of his "clinical team" at the North Dakota State Hospital. He also seeks a protective order related to his claims against the North Dakota State Hospital. This action does not include claims against the State Hospital, and, therefore the motions are not properly before the Court in this matter. The motions are **DENIED**.

### DECISION AND ORDER

After considering the Report and Recommendation, conducting a *de novo* review of Corman's objections, and reviewing the entire file, the Court finds the Magistrate Judge's position is correct. Accordingly, the Court hereby adopts the Report and Recommendation in its entirety. For the reasons set forth therein and for the additional reasons set forth herein, Respondent's motion to dismiss (Doc. #26) is **GRANTED**, Corman's motion for writ of habeas corpus (Doc. #2) is **DISMISSED** with prejudice, Corman's motion for an evidentiary hearing (Doc. #31) is **DENIED**, and Corman's motions for a writ of mandamus (Doc. #19, 22) and protective order (Doc. #20) are **DENIED**.

### CERTIFICATE OF APPEALABILITY

The Court certifies that an appeal from the dismissal of this action may not be taken *in*

*forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Furthermore, based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedemann v. Benson, 122 F.3d 518, 252 (8th Cir. 1997). If Corman desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedemna v. Benson, 122 F.3d 518, 250-252 (8th Cir. 1997).

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 24th day of January, 2013.

>*/s/ Ralph R. Erickson*
>Ralph R. Erickson, Chief Judge
>United States District Court